IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TERRY CARTER, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 119-125 |
| ) | (Formerly CR 107-076) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Butner Low Federal Correctional Institution in Butner, North Carolina, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Respondent moves to dismiss the § 2255 motion. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 3), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.    BACKGROUND**

   **A.    Indictment and Agreement to Plead Guilty**

On August 8, 2007, the grand jury in the Southern District of Georgia charged Petitioner in a sixteen-count indictment, with two counts of attempted robbery, six counts of armed robbery, and eight counts of using, carrying, and discharging a firearm during a crime of violence. United States v. Carter, CR 107-076, doc. no. 1 (S.D. Ga. Aug. 8, 2007) (hereinafter "CR 107-076"). Of particular importance to the present motion to dismiss,

Count Two charged Petitioner with using, carrying, and discharging a firearm during a crime of violence, stating

> [Petitioner] did knowingly use, carry, and discharge a firearm, that is, a HiPoint, .380 caliber pistol, serial number P815016, during and in relation to a crime of violence, that is, interference with commerce by threatening and committing physical violence in furtherance of a plan to commit robbery, a violation of Title 18, United States Code, Section 1951, as set forth in Count One of this indictment. All in violation of Title 18, United States Code, Section 924(c)(l)(A)(iii).

Id., doc. no. 1, p. 2.  The Court appointed attorney Neil Staten Bitting, Jr., under the Criminal Justice Act to represent Petitioner.  Id., doc. no. 8.

On October 24, 2007, Petitioner plead guilty to Counts Two, Three, Five, Seven, Nine, Eleven, and Thirteen, which consisted of one count of using, carrying, and discharging a firearm during a crime of violence, five counts of robbery, and one count of attempted robbery.[1]  Id., doc. nos. 28, 29.

### B.     Sentencing

On February 21, 2008, United States District Judge Dudley H. Bowen sentenced Petitioner to 210 months imprisonment for Counts Three, Five, Seven, Nine, Eleven, and Thirteen of CR 107-076, 60 months imprisonment to be served concurrently for Count One of CR 106-139, and a mandatory 120 months imprisonment to be served consecutively for Count Two of CR 107-076.  Id., doc. no. 33, pp. 1-2.  The judgment entered on February 26, 2008.  Id.  Petitioner did not file a direct appeal.  (Doc. no. 1, p. 1.)

---

[1] Petitioner also plead guilty to an escape from custody charge under 18 § U.S.C. §751(a) ("Count One") in United States v. Carter, CR 106-139, doc. nos. 11-12 (S.D. Ga. March 15, 2017).  Petitioner was eventually sentenced to that charge at the same time and as a part of CR

C.     § 2255 Proceedings

Petitioner filed the instant § 2255 motion to vacate, set aside, or correct his sentence on August 12, 2019, arguing he was entitled to relief "in light of United States v. Davis." (Doc. no. 1.)  In response to Respondent's motion to dismiss, Petitioner clarified his § 2255 motion, stating he is bringing a single claim based on the recent United States Supreme Court decision in United States v. Davis, 139 S. Ct. 2319 (2019).  (Doc. no. 5.)  Specifically, Petitioner argues his conviction in Count Two of CR 107-076 is unconstitutional in light of Davis, holding 18 U.S.C. 924(c)(3)(B)'s definition of crime of violence is unconstitutional. (Doc. nos. 5, 6.)

Respondent moves to dismiss the § 2255 motion, arguing Davis does not apply to Petitioner.  (Doc. no. 3.)  Respondent argues the underlying crime of violence for Petitioner's Count Two conviction, i.e. attempted robbery, does not fall under § 924(c)(3)(B), and, instead, falls under § 924(c)(3(A) as categorically a crime of violence.  (See id.)

## II.    DISCUSSION

Respondent's motion to dismiss should be granted because a review of the record of Petitioner's prior criminal proceeding in CR 107-076 shows Davis does not apply to Petitioner's Count Two conviction under § 924(c).  Under Rule 4 of the Rules Governing Section 2255 Proceedings For the United States District Court, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the

---

107-076.  Id., doc. no. 16; CR 107-076, doc. no. 33.

moving party." The Advisory Committee Notes for Rule 4 state "[s]ince the [§ 2255] motion is part of the criminal action in which was entered the judgment to which it is directed, the files, records, transcripts, and correspondence relating to that judgment are automatically available to the judge in his consideration of the motion."

For purposes of § 924(c), § 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The former clause is commonly referred to as the "elements clause" and the latter clause is known as the § 924(c)(3)(B) "residual clause." In Davis, the Supreme Court "extended its holdings in Johnson v. United States, — U.S. —, 135 S. Ct. 2551, 192 L.Ed.2d 569 (2015), and Sessions v. Dimaya, — U.S. —, 138 S. Ct. 1204, 200 L.Ed.2d 549 (2018), to § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the Armed Career Criminal Act and 18 U.S.C. § 16(b), is unconstitutionally vague." In Re Navarro, 931 F.3d 1298, 1301 (11th Cir. 2019) (citing Davis, 139 S. Ct. at 2324-25, 2336). However, Davis only invalidated the residual clause and not the elements clause of § 924(c)(3)(A). Id.; Steiner v. United States, 940 F.3d 1282, 1292-93 (11th Cir. 2019). Thus, if the predicate offense to Petitioner's § 924(c) conviction meets the element clause, Petitioner is not entitled to relief under Davis and Respondent's motion should be granted.

Here, the predicate offense to Petitioner's underlying § 924(c) charge is attempted robbery of a commercial business under 18 U.S.C. § 1951, and this offense is a crime of violence under the elements clause. In CR 107-076, both the indictment and the plea agreement signed by Petitioner state Petitioner's Count Two charge under § 924(c) is based on his Count One charge of attempted robbery that serves as the predicate offense. CR 107-076, doc. nos. 1, 28. The Eleventh Circuit previously held attempted robbery, as charged in Count One of the indictment in CR 107-076, falls under the elements clause. See United States v. St. Hubert, 909 F.3d 335, 346 (11th Cir. 2018) (holding attempted robbery under § 1951 qualifies as crime of violence under elements clause). Further, even though Petitioner did not plead guilty to attempted robbery in Count One, § 924(c) does not require a conviction for that charge to serve as the predicate crime of violence for a § 924(c) conviction. In Re Navarro, 931 F.3d at 1302. Petitioner pled guilty to Count Two of the indictment in CR 107-076, which specifies attempted robbery as the predicate offense. CR 107-076, doc. nos. 1, 28. Thus, it is clear from the underlying factual record in CR 107-076, Petitioner's § 924(c) conviction in Count Two is predicated on the crime of violence of attempted robbery, which falls under the elements clause, making Davis inapplicable.

Petitioner only argues the residual clause is unconstitutional and therefore his § 924(c) is unconstitutional. (Doc. nos. 1-2, 5, 6.) Although Petitioner is correct his § 924(c) cannot be based on the residual clause because of Davis, Petitioner's predicate offense of attempted robbery clearly falls under the elements clause, Petitioner's arguments are inconsequential, and Respondent's motion to dismiss should be granted.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 3), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 18th day of November, 2019, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA