**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

20 JUL 21  PM 2:31

CLERK_____
SO. DIST. OF GA.

```
UNITED STATES OF AMERICA        *
                                *
        v.                      *        CR 107-076
                                *
TERRY CARTER, JR.               *
```

## O R D E R

In the present circumstance of the COVID-19 pandemic, inmates of federal prison facilities are understandably concerned. Some inmates are choosing to file motions with the Court for immediate release or to accelerate their placement on home confinement. Defendant Terry Carter, Jr. has filed such a motion. The only provision by which a federal court can modify an imposed sentence is 18 U.S.C. § 3582(c).[1]

---

[1] Defendant contends that the courts have been given authority to grant home confinement in response to COVID-19 by virtue of a Memorandum from Attorney General William Barr to the Director of the Bureau of Prisons on March 26, 2020. Available at https://www.justice.gov/file/1262731/download (last visited Jul. 20, 2020). This Memorandum has no binding authority on federal courts. Rather, it demonstrates that the BOP is working to alleviate the effects of COVID-19 on its prisons' populations. The Government has detailed the proactive measures undertaken by the BOP in its responsive brief. (Doc. No. 71, at 6-10.) Moreover, the BOP is better positioned than this Court to assess an individual inmate's eligibility for home confinement.

Section 3582(c)(1)(A), commonly referred to as the "compassionate release" provision, provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. Prior to the First Step Act, only the Director of the Bureau of Prisons ("BOP") could bring a motion for compassionate release under this statute. However, Section 603(b) of the First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring a motion for compassionate release after either exhausting administrative rights to appeal the BOP's failure to bring such a motion or the passage of thirty days from the defendant's unanswered request to the warden for such relief. 18 U.S.C. § 3582(c)(1)(A). In this case, Defendant does not show that he has complied with this process.[2] His motion is therefore premature.

Moreover, in consideration of a compassionate release motion, the Court is constrained to follow the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The existing policy statement, U.S.S.G. § 1B1.13, provides that in addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the community. Application Note 1 lists three specific examples of extraordinary and compelling

---

[2] Defendant requested to be released to home confinement under the CARES Act, which is a different process than a reduction in sentence ("RIS") request based upon compassionate release.

reasons to consider reduction of a defendant's sentence under §
3582(c)(1)(A): (1) a serious medical condition; (2) advanced age;
and (3) family circumstances. Id. n.1(A)-(C).[3]

Defendant's motion possibly implicates the first category.
The Sentencing Commission has clarified that a "serious physical
or medical condition" "substantially diminishes the ability of the
defendant to provide self-care within the environment of a
correctional facility and [is one] from which he or she is not
expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). The
Government has submitted Defendant's medical records indicating
that he suffers from hypertension, which is listed by the CDC as
a condition that "might" place a person with COVID-19 "at an
increased risk for severe illness." See Centers for Disease
Control, *People with Certain Medical Conditions,* available at
https://www.cdc.gov/coronavirus/2019-ncov/need-extra-
precautions/people-with-medical-conditions.html (last visited on
July 20, 2020). However, at this point, the Court cannot conclude
that the "might" category qualifies an illness as sufficiently
serious to warrant compassionate release in and of itself. In
fact, in Defendant's case it appears his hypertension is well-

---

[3] The application note also provides a catch-all category: "As
determined by the Director of the Bureau of Prisons, there exists
in the defendant's case an extraordinary and compelling reason
other than, or in combination with," the aforementioned three
categories. Id. n.1(D). The Court has not been made aware that
the BOP Director has sanctioned Defendant's early release.

controlled by medication. (See Gov't Resp. in Opp'n, Doc. No. 71, Ex. A, at 2.) As of June 20, 2020, Defendant denied having any complaints or concerns. (Id.) The Court further recognizes that Defendant was diagnosed with HIV in 2003. (Id. at 12.) The CDC lists HIV as a condition whereby an individual is at increased risk of severe illness should he contract COVID-19 if the person has a low CD4 cell count or is not on HIV treatment. See Centers for Disease Control, *People with Certain Medical Conditions,* available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on July 20, 2020). Here, the medical records show that Defendant is on medication for HIV and his CD4 count as of March 3, 2020 was 488.[4] (Gov't Resp. in Opp'n, Ex. A, at 12.) Based upon his records, the Court cannot conclude that Defendant's HIV status – alone or in conjunction with COVID-19 – create an extraordinary and compelling justification for release.

In short, Defendant bears the burden of establishing that he is uniquely positioned to be so adversely affected by COVID-19 that his release is warranted. He has not done so.

---

[4] The CD4 count reflects the white blood cell count in the blood, which plays a key role in the immune system. A healthy immune system normally has a CD4 count ranging from 500 to 1400 cells per cubic millimeter of blood. At levels below 200, a person becomes susceptible to opportunistic infections. WebMD, *Articles on HIV Testing,* https://www.webmd.com/hiv-aids/cd4-count-what-does-it-mean (last visited on Jul. 21, 2020).

Upon the foregoing, Defendant Terry Carter, Jr.'s motion for early release (doc. no. 70) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE