IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 106-139 |
| | * | CR 107-076[1] |
| TERRY CARTER, JR. | * | |

O R D E R

Defendant Terry Carter, Jr., has filed a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court denied the motion on July 21, 2020, because not only had he failed to exhaust his administrative remedies, but his medical condition against the backdrop of the COVID-19 pandemic did not constitute an extraordinary and compelling reason warranting early release.

Much of Carter's motion (doc. no. 77) and addendum thereto (doc. no. 80) focuses on various alleged shortcomings of his places of incarceration in dealing with the COVID-19 pandemic in general and in administering medication to Carter in particular. These claims regarding the conditions of his confinement are not cognizable in the context of a § 3582(c) motion. Instead, Carter must raise these claims in a civil suit brought pursuant to 42 U.S.C. § 1983. Moreover, because Carter is housed at FCI Fort Dix

---

[1] Though the present motion is docketed in both criminal cases, the Court will refer herein to the docket of Case No. CR 107-076.

in New Jersey, this Court would not have jurisdiction over any potential § 1983 defendant from that facility, and venue would be improper. See, e.g., United States v. Spinner, 2021 WL 280059, *5 (S.D. Ala. Jan. 27, 2021) (cited sources omitted).

Turning back to Carter's bid for compassionate release, his motion must be denied. In order to grant a motion for compassionate release, the Court must find the following conditions are met: (1) extraordinary and compelling circumstances exist; (2) adherence to the Policy Statement in U.S.S.G. § 1B1.13 (including a finding that the defendant is not a danger to the community); and (3) support in the sentencing factors of 18 U.S.C. § 3553(a). United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. Oct. 13, 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

Here, Carter's medical conditions require serious attention in that he has high blood pressure and an auto-immune disease (HIV). The Court previously concluded, however, that these conditions, whether considered alone or in conjunction with the risk of contracting COVID-19, do not constitute extraordinary and compelling circumstances warranting early release. Now Carter

2

adds that he has "long haul" COVID-19 complications that exacerbate the severity of his health issues.[2]

Upon review of Carter's inmate medical records provided by the Government, the Court finds he has not demonstrated that his medical needs are not being adequately met by the Bureau of Prisons or that they rise to the level of decline required by U.S.S.G. § 1B1.13.[3] In fact, in the last year it has been noted that Carter is HIV asymptomatic and has never had an HIV-related illness. (Gov't Resp. in Opp'n, Doc. No. 81, Ex. C at 15.) On May 24, 2021, Carter was prescribed lisinopril for his hypertension even though his blood pressure was "under control." (Id. at 17.) There is no evidence that Carter is suffering from "long haul" COVID-19 complications (to the extent that "COVID-19 Long Haul Syndrome" exists); in fact, there is no evidence that Carter was diagnosed with, had symptoms of, or tested positive for COVID-19 at any point. Additionally, Defendant was fully vaccinated for the

---

[2] Carter lists the symptoms of "COVID-19 Long Haul Syndrome" as shortness of breath, fatigue, irregularities of heartbeat, and blurred vision. (Doc. No. 77, at 6.) Yet, the only record evidence that he has suffered from any of these symptoms since the COVID-19 outbreak is a Clinical Encounter for Carter's complaint of vision problems on June 8, 2021. (Gov't Resp. in Opp'n, Doc. No. 81, Ex. C at 4.) During this visit, Carter was reminded that his *existing problems* of high blood pressure and HIV could affect his eyes if not properly controlled. (Id.)

[3] In order to rise to the level of extraordinary and compelling under § 3582(c)(1)(A)(ii), a serious medical condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility" or be one "from which [the inmate] is not expected to recover." See U.S.S.G. § 1B1.13 cmt. n.1(A).

disease in June 2021, which significantly reduces his risk of exposure to COVID-19. (See id. at 70.)

Further, it remains within the Court's discretion to determine whether a sentence reduction is warranted. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013). In exercising its discretion, the Court must consider the sentencing factors of 18 U.S.C. § 3553(a) prior to release. See 18 U.S.C. § 3582(c)(1)(A). In Carter's case, these factors weigh against his release, particularly in light of the nature and circumstances of his armed bank robbery spree and subsequent fugitive status. Also, Carter received the benefit of a 78-month sentence reduction based upon his substantial assistance; early termination of his sentence would fail to reflect the seriousness of the offenses, promote respect for the law, provide just punishment, or afford adequate deterrence. Thus, the Court would not exercise its discretion to release Carter under the compassionate release provision even if he had a qualifying medical condition.

Upon the foregoing, Defendant Carter's motion for compassionate release (doc. no. 77) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of March, 2022.

_____
UNITED STATES DISTRICT JUDGE